NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

AUG 30 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SANTOS DEL CARMEN LOPEZ-VALIENTE, Petitioner, v. JEFFERSON B. SESSIONS III, Attorney General, Respondent. | No. 14-72270 Agency No. A200-625-232 MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted July 10, 2018
Pasadena, California

Before: BERZON and N.R. SMITH, Circuit Judges, and CASTEL,** District
Judge.

Santos del Carmen Lopez-Valiente, a native and citizen of El Salvador,

petitions for review of an order of the Board of Immigration Appeals ("BIA")

denying her application for asylum, withholding of removal, and protection under

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable P. Kevin Castel, United States District Judge for the
Southern District of New York, sitting by designation.

the United Nations Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252, and we remand for consideration of the agency's jurisdiction in the first instance and, if it determines it properly exercised its jurisdiction, for further proceedings consistent with this memorandum disposition.

1.    Asylum.  Substantial evidence supports the BIA's denial of Lopez's asylum claim.  In the alternative, the BIA assumed that Lopez was credible but found that she failed to establish an adequate nexus between her well-founded fear of persecution and a protected ground.[1]  *See* 8 U.S.C. §§ 1101(a)(42)(A), 1158(b)(1)(B)(i).  To establish the requisite nexus, asylum applicants must show that "one central reason" for their persecution was a protected ground.  *Bringas-Rodriguez v. Sessions*, 850 F.3d 1051, 1062 (9th Cir. 2017) (en banc) (quoting 8 U.S.C. § 1158(b)(1)(B)(i)).  Lopez alleged that her membership in three particular social groups gave rise to her claim as the predicate protected grounds.[2]  However, Lopez presented evidence that a group of MS-13 gang members threatened, extorted, and attacked her only because "they ran things" at a university where she was a new student.  There was no evidence suggesting that her attackers at school knew or suspected that she was a member of a particular social group.  As to the

---

[1] Because our decisions rest on the agency's alternative holdings on the merits of each claim, we need not reach the agency's adverse credibility determination.
[2] The BIA declined to decide whether Lopez's proposed groups satisfied the requirements of a particular social group, instead holding that she failed to establish a nexus assuming they were proper groups.

2

other incidents underlying Lopez's claim, substantial evidence supports the BIA's conclusion that the harassment was motivated by one stalker's lecherous interest in Lopez and the other perpetrator's desire for money. Neither the approximate two-month timeframe in which the incidents occurred nor general evidence of crimes towards women in El Salvador compels the contrary conclusion that one central reason for the harm to Lopez was her membership in any of the particular social groups she describes. *Cf. Borja v. I.N.S.*, 175 F.3d 732, 736 (9th Cir. 1999) (en banc) (affirming nexus when persecutors threatened applicant in immediate response to applicant's political activity), *superseded by statute on other grounds as stated by Parussimova v. Mukasey*, 555 F.3d 734, 739–40 (9th Cir. 2009). Instead, the evidence showed "harassment by criminals motivated by theft or random violence by gang members," which "bears no nexus to a protected ground." *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010).

2.  <u>Withholding of removal.</u>  Substantial evidence supports the BIA's conclusion that Lopez's withholding of removal claim failed because of an inadequate nexus, again assuming without holding that Lopez was credible. 8 U.S.C. § 1231(b)(3).  Withholding of removal requires that a protected ground form "a reason" for the persecution, rather than "one central reason." *Barajas-Romero v. Lynch*, 846 F.3d 351, 360 (9th Cir. 2017).  Lopez failed to meet this

3

lower standard because "there was no nexus at all between the feared persecution" and a protected ground. *See id.* (citing *Zetino*, 622 F.3d at 1016).

3. <u>U.N. Convention Against Torture.</u> We remand Lopez's claim for relief under the CAT to the BIA for further consideration. The agency failed to consider record evidence regarding the conditions in the country of removal, *Aguilar-Ramos v. Holder*, 594 F.3d 701, 705 (9th Cir. 2010), including the government's efforts to stop persecution, as well as the efficacy of such efforts, *see Madrigal v. Holder*, 716 F.3d 499, 509 (9th Cir. 2013). While an immigration judge ("IJ") is not required to recount every piece of evidence the IJ relied upon in reaching a decision, we do not uphold decisions that indicate a failure to consider all evidence. *Cole v. Holder*, 659 F.3d 762, 771–72 (9th Cir. 2011). Such indicia include "misstating the record and failing to mention highly probative or potentially dispositive evidence." *Id.* at 772.

Here, the IJ's decision sufficiently signals that the IJ failed to consider all evidence relevant to the question of acquiescence based on its omission of highly probative evidence and its emphasis on evidence of limited relevance. Notably, the IJ relied on Lopez's failure to discuss the harm with friends at school or medical professionals as evidence that the *government* did not acquiesce in torture. The IJ also appeared to discount Lopez's testimony, assumed to be credible, that she feared reporting the incident to the police because she had no "problems with

4

the gangs or anyone else" before the first incident underlying her claim. However, there was relevant evidence in the record that the belief that the police are beholden to the gangs is widespread in El Salvador, and that sexual harassment appears to be broadly underreported because of a general perception of police indifference to such claims. Because the agency signaled its failure to appropriately consider the record for evidence of acquiescence, a decision on this basis cannot stand. *See Cole*, 659 F.3d at 771–72; *see also Andrade v. Lynch*, 798 F.3d 1242, 1245 (9th Cir. 2015) (explaining that, under *Cole*, an agency must give "reasoned consideration" of the evidence underlying a CAT claim).

Second, the IJ erred in light of *Maldonado v. Lynch*, 786 F.3d 1155 (9th Cir. 2015) (en banc). Under *Maldonado*, an IJ must consider "all evidence relevant" to the inquiry of whether it is more likely than not an applicant will be tortured if removed, including evidence regarding whether the applicant could safely relocate if returned to the country of removal. *Id.* at 1162–64 (quoting 8 C.F.R. § 1208.16(c)(3)). Though the applicant retains the ultimate burden to prove the likelihood of torture if returned, the burden of proving the possibility or impossibility of relocation rests with neither party. *Id.* at 1164.

Here, the BIA, ruling without the benefit of *Maldonado*, upheld the IJ's placement of the burden on Lopez to show relocation, consistent with the applicable law at the time. *See Barajas-Romero*, 846 F.3d at 364. The agency also

5

did not indicate that it considered "all relevant evidence," as required by *Maldonado*. 786 F.3d at 1164. Probative record evidence of country conditions in El Salvador, including evidence that MS-13 had networks facilitating nationwide communication among gang members, received no apparent consideration in the context of whether it was more likely than not Lopez would be tortured if returned. We cannot uphold a decision that indicates a failure to consider all relevant evidence. *See Cole*, 659 F.3d at 771–72.

Under these circumstances, we remand Lopez's CAT claim for further consideration of government acquiescence and of all relevant evidence under the standard set forth in *Maldonado*. *See Barajas-Romero*, 846 F.3d at 364–65.

4.    Agency Jurisdiction.  In a letter submitted pursuant to Federal Rule of Appellate Procedure 28(j) after argument in this case, Lopez requested remand in light of *Pereira v. Sessions*, 138 S. Ct. 2105 (2018). We remand with the instructions that the agency first consider its jurisdiction in light of *Pereira* before reaching any other issue. If the agency concludes that it properly exercised its jurisdiction, it then should consider the CAT claim on remand, consistent with this memorandum disposition.

The parties shall bear their own costs on appeal.

**REMANDED.**